WILLIAM OUFRE ECHEVARRÍA, Petitioner and Appellant, *v.* GERARDO DELGADO, WARDEN OF STATE PENITENTIARY, Respondent and Appellee.

No. AP-63-40.       Decided March 10, 1964.

*José A. Cestero,* counsel designated by the Supreme Court to assist defendant on appeal. *J. B. Fernández Badillo, Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for The People.

Division composed of Mr. Acting Chief Justice Pérez Pimentel, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM: On June 4, 1963 William Oufre Echevarría filed a petition for Habeas Corpus to challenge a sentence from 1 to 3 years in the penitentiary which was imposed on him on February 14, 1951 for the offense of burglary in the first degree. He alleges that at the time of the commission of the offense which gave rise to this cause of action he was 18 years, 8 months and 26 days of age and that, therefore, the former district court, now Superior Court, lacked jurisdiction to try him because he was less than 21 years of age. In the course of the hearing held the petitioner testified that "that is the first case that I had in a court"

and that he was confined in jail serving a sentence that had been imposed on him for the commission of another offense. The trial court denied the petition.

■ It is clear that no error was committed in the denial of the petition because appellant was not less than 16 years of age nor was he subject to the jurisdiction of the Juvenile Court at the time that he was criminally liable for the offense for which he was sentenced. Section 8 of Act No. 37 of March 11, 1915, 34 L.P.R.A. § 1948; *In re Ríos*, 61 P.R.R. 788 (1943). *People* v. *Andújar*, 80 P.R.R. 792 (1958), invoked in the allegations of the petition is clearly inapplicable. *Cf. Mirabal* v. *Delgado, Warden*, 82 P.R.R. 573 (1961); *Irizarry* v. *District Court*, 72 P.R.R. 180 (1951); *People* v. *Rivera*, 71 P.R.R. 115 (1950); *Torres* v. *Saldaña*, 59 P.R.R. 633 (1941).

■ We take this opportunity to indicate that it has been through the report presented by the counsel whom we designated to aid petitioner in his appeal that we have been able to verify effectively and authentically that the latter is serving another sentence different from that which he challenges and that the one sought to be annulled was extinguished almost ten years ago. Section 476 of the Code of Criminal Procedure, 34 L.P.R.A. § 1748 states that the person upon whom the writ is served must state in his return, among other things, the authority and cause of the imprisonment or restraint, and it requires that if the party is detained by virtue of any writ, warrant or other written authority, a copy thereof must be annexed to the return. It is the duty of the trial courts to see that these provisions are complied with.[1]

---

[1] In the present case the return of the prosecuting attorney merely accepted that the petitioner was serving a sentence in the state penitentiary but no copy thereof was attached to the return.

The record sent to this Court does not show either that the trial judge

The judgment rendered by the Superior Court, San Juan Part, on June 14, 1963 will be affirmed.

---

signed any sentence. We must depend on a copy of the minutes initialed by an assistant clerk and on the statement of the judge at the hearing held.